IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAWN MARSHALL TOMPKINS,

    Plaintiff,                   No. CIV S-07-2346 GEB EFB P

    vs.

STEPHENS, et al.,

    Defendants.          <u>ORDER</u>

                             /

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This action proceeds on the complaint filed October 2, 2007. See Dckt. No. 1 (Order of transfer and attached complaint). The United States Marshal ("Marshal") has requested reimbursement of expenses incurred in personally serving defendant Stephens. Dckt. No. 19.

       This court previously ordered the Marshal to serve process upon defendant Stephens. Dckt. No. 11. The Marshal was directed to attempt to secure a waiver of service before personally serving the defendant. *Id.* However, if a waiver of service was not returned within 60 days, the Marshal was directed to (1) personally serve defendant without prepayment of costs under Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c); and (2) file the return of service with evidence of attempts to secure a waiver and costs subsequently

1

incurred in effecting personal service. *Id*.

The return of service filed by the Marshal on October 14, 2009, together with form USM-285 shows that the Marshal mailed Stephens a waiver of service form on March 26, 2009, but defendant did not respond. Accordingly, the Marshal was required to complete personal service. Dckt. No. 19. The form shows total charges for personally serving defendant Stephens of $98.13.

The Marshal is entitled to the costs sought. Rule 4 of the Federal Rules of Civil Procedure provides, in pertinent part:

> An individual, corporation, or association that is subject to service under subdivision (e), (f), or (h) and that receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons . . . .
>
> If a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown.

Fed. R. Civ. P. 4(d)(2).

The court finds that defendant Stephens was given the opportunity required by Rule 4(d)(2) to waive service but failed to do so.

Accordingly, the court hereby orders that:

1. Within 14 days from the date of service of this order, defendant Stephens shall pay to the United States Marshal the sum of $98.13, unless within that time defendant files a written statement showing good cause for failing to waive service.

2. The Clerk of the Court shall serve a copy of this order on the U.S. Marshal.

Dated: October 26, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2