IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAWN MARSHALL TOMPKINS,

    Plaintiff,                           No. CIV S-07-2346 GEB EFB P

    vs.

STEPHENS, et al.,                    FINDINGS AND RECOMMENDATIONS

    Defendants.
_____/

    Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This action proceeds on plaintiff's October 26, 2007 complaint, wherein plaintiff alleges that defendants Stephens, Alziebler, and Miranda used excessive force against him on October 15, 2006. Pending before the court is defendants' August 14, 2009 motion to dismiss plaintiff's complaint for failure to exhaust administrative remedies prior to filing suit.[1] For the reasons stated below, the court finds that defendants' motion to dismiss must be denied.

////

////

---

[1] Defendant Alziebler filed the motion to dismiss on August 14, 2009. Dckt. No. 13. Defendant Stephens joined in the motion on November 10, 2009, and defendant Miranda joined in the motion on February 4, 2010. Dckt. No. 26, 35.

1

**I. Legal Standards**

**A. Motion to Dismiss for Failure to Exhaust**

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement is mandatory and unequivocal. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statute makes exhaustion a precondition to *suit*." (citation omitted)). A prisoner seeking leave to proceed *in forma pauperis* in an action challenging the conditions of his confinement brings an action for purposes of 42 U.S.C. § 1997e when he submits his complaint to the court. *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006). Therefore, a prisoner must exhaust available administrative remedies before filing any papers in federal court and is not entitled to a stay of judicial proceedings in order to exhaust. *Id.* at 1051; *McKinney*, 311 F.3d 1198.

The failure to exhaust nonjudicial administrative remedies as required by § 1997e(a) is not jurisdictional. *Wyatt v. Terhune*, 315 F.3d 1108, 1117 n.9 (9th Cir. 2003). Nor does § 1997e(a) require a plaintiff to plead exhaustion. *Id.* at 1119. Rather, "§ 1997e(a) creates a defense – defendants have the burden of raising and proving the absence of exhaustion." *Id.* The Ninth Circuit determined in *Wyatt* that because the defense of failure to exhaust "is not on the merits" and summary judgment "is on the merits," the defense should be treated as a matter in abatement[2] to be resolved pursuant to a motion made under "unenumerated Rule 12(b)." *Id.*

---

[2] A "matter in abatement" is "the suspension or defeat of an action for a reason unrelated to the merits of the claim." *Andrews v. King*, 398 F.3d 1113, 1118 (9th Cir. 2005). It has its roots in the common-law "plea in abatement," abolished by Fed. R. Civ. P. 7(c). Rule 7 "unceremoniously abolishes a great deal of ancient procedural dogma that has little place in a streamlined litigation system," Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*: Civil 3d § 1181, including pleas in abatement. *Black's Law Dictionary* 4 (6th ed.

2

The Ninth Circuit stated that "[i]n deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Id.* at 1119-20.

The United States Supreme Court confirmed in *Jones v. Bock*, 549 U.S. 199, 216 (2007), that failure to exhaust under the PLRA is an affirmative defense. If the affirmative defense can be decided on the pleadings alone, i.e. the face of the complaint establishes the fact that there has been no exhaustion, a motion under Rule 12(b)(6) is appropriate. *Id.* at 215. Using the example of a motion to dismiss based on a statute limitations defense, the Court stated:

> A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does not make the statute of limitations any less an affirmative defense, see Fed. Rule Civ. Proc. 8(c). Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract.

*Id*.

However, where the facts supporting the affirmative defense are not established by the allegations of the complaint and instead require the presentation of evidence outside the pleadings (including failure to exhaust as required by 42 U.S.C. § 1997e(a)) motion raising the defense is properly considered under the standards for summary judgment, with disputed

---

1990). The "plea in abatement" is an archaic common law "plea which, without disputing merits of plaintiff's claim, objects to place, mode or time of asserting it. It allows plaintiff to renew suit in another place or form, or at another time, and does not assume to answer an action on its merits, or deny existence of a particular cause of action on which plaintiff relies." *Black's Law Dictionary* 1151 (6th ed. 1990). The Advisory Committee Notes to Rule 7(c) state that all statutes using the word "plea" are "modified in form by this rule." Thus, for example, the Revision Notes to 28 U.S.C. § 2105 (West 2006), which prohibits reversal of a District Court's ruling on non-jurisdictional "matters in abatement" in the Supreme Court and Circuit Courts of Appeals states, "Rule7(c) of the Federal Rules of Civil Procedure abolished all pleas, and the rules adopted the motion as a substitute therefor. The words 'matters in abatement' were, therefore substituted for the abolished 'plea in abatement' and 'plea to the jurisdiction.'" Modernly, a party makes a motion under Rule 12 or Rule 41, as appropriate, instead of making a plea in abatement. *See Black's Law Dictionary* 4, 1151-1152 (6th ed. 1990) ("abatement of action," and "plea in abatement").

3

material factual issues reserved for trial.³ Fed. R. Civ. P. 12(d) (where a party presents affidavits or other matters outside the pleadings in support of its motion, the court must treat the motion "as one for summary judgment under Rule 56"), 56(b); *Panero v. City of North Las Vegas*, 432 F.3d 949, 952 (9th Cir. 2005).⁴ These fundamental principles under the Federal Rules of Civil Procedure are not changed by the PLRA. The Supreme Court in *Jones* made clear that, "beyond the departures specified by the PLRA itself," nothing in the PLRA suggests that usual procedural practices should not be followed and cautioned that departures from the usual procedural requirements are to be expressly made by Congress. *Jones*, 549 U.S. at 212, 214-16.

Thus, it appears that the requirement under Rule 12(b) that motions raising affirmative defenses that require the submission of declarations or other matters extrinsic to the complaint require that the motion be treated a Rule 56 motion for summary judgment applies to motions raising the failure a of prisoner to exhaust administrative remedies. Indeed, the Ninth Circuit recognized in *Wyatt* that when the district court looks beyond the pleadings to a factual record,

---

³ As discussed above, the reasoning in *Wyatt* for adhering to Rule 12(b) appears to have been that frequently a motion for "summary judgment is on the merits," and a failure to exhaust is independent of the substantive claims before the court. *Wyatt*, 315 F.3d at 1119. But, a motion asserting an affirmative defense, even when it does not address the merits of the substantive claims, should be brought under Rule 56 if the motion relies upon matters extrinsic to the complaint to establish the factual predicate for the defense. Motions challenging exhaustion of administrative remedies frequently rely on declarations and exhibits that are extrinsic to the complaint.

⁴ Several other Circuits have applied summary judgment principles when the defense of failure to exhaust cannot be decided on the pleadings. *See Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006) (addressing exhaustion at summary judgment); *Williams v. Beard*, 482 F.3d 637, 639 (3d Cir. 2007) (reversing grant of summary judgment on exhaustion and remanding for further proceedings); *Hinojosa v. Johnson*, 277 Fed. Appx. 370, 379-80 (5th Cir. May 1, 2008) (addressing exhaustion at summary judgment); *Foulk v. Charrier*, 262 F.3d 687, 697-98 (8th Cir. 2001) (reviewing evidence elicited at trial as to whether prisoner exhausted available remedies); *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007) (addressing exhaustion at summary judgment); *but see Bryant v. Rich*, 530 F.3d 1368 (11th Cir. 2008) (finding that PLRA exhaustion should be treated as a matter in abatement and should be decided on a Rule 12(b) motion, even when factual disputes exist); *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) (rejecting the summary judgment and the Rule 12(b) approaches to PLRA exhaustion and instead determining that once a PLRA exhaustion defense is raised, a special evidentiary hearing should be held to address that defense before litigation on the merits proceeds).

which commonly occurs in deciding an exhaustion motion, the court must do so under "a procedure closely analogous to summary judgment." *Wyatt*, 315 F.3d at 1120, n.14.

Thus, whether a motion for failure to exhaust under the PLRA may be raised under Rule 12 or Rule 56 is not determined by whether the defense asserted in the motion goes to the "merits" of the claim. Regardless of whether judgment is sought on the merits or whether the motion seeks to bar consideration of the merits based on a technical ground that precludes reaching the merits (i.e., exhaustion, issue or claim preclusion, a statute of limitations, etc.), the determining factor is whether the factual predicate for the motion is based on the text of the pleading or instead depends upon evidence submitted with the motion. *See Jones*, 549 U.S. at 215 ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief.").

Here, defendant's motion necessarily requires the court to consider the affidavits and exhibits presented for the purpose of proving the absence of exhaustion. Notwithstanding the analysis above, the court recognizes that *Wyatt* is controlling in these circumstances and that the instant motion is properly construed as an unenumerated Rule 12(b) motion to dismiss. Accordingly, the court analyzes the motion, as *Wyatt* suggests, under a standard "closely analogous to summary judgment." 315 F.3d at 1120, n.14. If, under that standard, the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Id.* at 1119-20.

**B. Summary Judgment Standards**

Under Rule 56, resolution of the exhaustion issue in favor of defendants is appropriate when it is demonstrated that there is "no genuine issue as to any material fact" over the question. Fed. R. Civ. P. 56(c). The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Cop. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory

committee's note on 1963 amendments).  Under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (*en banc*).  If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir.1995).

For the opposing party to establish a genuine issue of fact the factual dispute must meet two requirements.  First, the dispute must be over a fact(s) that is material, i.e. one that makes a difference in the outcome of the case. *Anderson v. Liberty Lobby, Inc*., 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.").  Whether a factual dispute is material is determined by the substantive law, which here involves the question of whether plaintiff has met the exhaustion requirement.  *Id.* ("As to materiality, the substantive law will identify which facts are material.")

Second, the dispute must be genuine.  In this regard, the court must focus on which party bears the burden of proof on the factual dispute in question.  Where the opposing party bears the burden of proof on the issue in dispute, conclusory allegations, unsupported by factual material, are insufficient to defeat the motion.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989). Instead, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial.  *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076.  More significantly, to demonstrate a genuine factual dispute the record relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248, 252.  If the evidence presented could not support a judgment in that party's favor, there is no genuine issue.

1 *Id.*; *Celotex Corp. v. Catrett*, 477 U.S. at 323.

Thus, Rule 56 serves to screen cases lacking any genuine dispute over an issue that affects the outcome of the case.

On August 28, 2008, the court advised plaintiff of the requirements for opposing a motion to dismiss for failure to exhaust available administrative remedies as well as a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999); *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988); *Wyatt,* 315 F.3d at 1120, n.14.

**C. Exhaustion Under California Law**

California prisoners may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a).

> To initiate the process, an inmate must fill out a simple form, Dept. of Corrections, Inmate/Parolee Appeal Form, CDC 602 (12/87) (hereinafter Form 602), that is made "readily available to all inmates." Cal. Code Regs. tit. 15, § 3084.1(c) (2004). The inmate must fill out two parts of the form: part A, which is labeled "Describe Problem," and part B, which is labeled "Action Requested." Then, as explained on Form 602 itself, the prisoner "must first informally seek relief through discussion with the appropriate staff member." [] The staff member fills in part C of Form 602 under the heading "Staff Response" and then returns the form to the inmate.
>
> If the prisoner is dissatisfied with the result of the informal review, or if informal review is waived by the State, the inmate may pursue a three-step review process. *See* Cal. Code Regs. tit. 15, §§ 3084.5(b)-(d). Although California labels this three-step process "formal" review (apparently to distinguish this process from the prior step), the three-step process is relatively simple. At the first level, the prisoner must fill in part D of Form 602, which states: "If you are dissatisfied, explain below." [] The inmate then must submit the form, together with a few other documents, to the Appeals Coordinator within 15 working days-three weeks-of the action taken. *Id*., § 3084.6(c). This level may be bypassed by the Appeals Coordinator in certain circumstances. *Id*., § 3084.5(b). Within 15 workdays after an inmate submits an appeal, the reviewer must inform the inmate of the outcome by completing part E of Form 602 and returning the form to the inmate.
>
> If the prisoner receives an adverse determination at this first level, or if this level is bypassed, the inmate may proceed to the second level of review conducted by the warden. *Id*., §§ 3084.5(c), (e)(1). The inmate does this by filling in part F of

7

> Form 602 and submitting the form within fifteen work-days of the prior decision.
> Within ten working days thereafter, the reviewer provides a decision on a letter
> that is attached to the form. If the prisoner's claim is again denied or the prisoner
> otherwise is dissatisfied with the result, the prisoner must explain the basis for his
> or her dissatisfaction on part H of the form and mail the form to the Director of
> the California Department of Corrections and Rehabilitation within 15 working
> days. *Id.*, § 3084.5(e)(2). An inmate's appeal may be rejected where "[t]ime
> limits for submitting the appeal are exceeded and the appellant had the
> opportunity to file within the prescribed time constraints." *Id.*, § 3084.3(c)(6).

*Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006). Generally, completion of the third level, the Director's Level of Review, exhausts the remedy. Cal. Code Regs. tit. 15, § 3084.1(a). All steps must be completed before a civil rights action is filed, unless a plaintiff demonstrates a step is unavailable to him; exhaustion during the pendency of the litigation will not save an action from dismissal. *McKinney*, 311 F.3d at 1200. The claim must be properly exhausted; therefore, an untimely or otherwise procedurally defective administrative grievance or appeal does not satisfy the exhaustion requirement. *Woodford*, 548 U.S. at 83-84.

### III. Analysis

Defendants contend that plaintiff failed to exhaust his administrative remedies prior to filing suit, and therefore, his complaint must be dismissed. Defs.' Mot. to Dism. ("Mot."), Mem. of P. & A. in Supp. Thereof ("Defs.' P. & A.") at 6. Specifically, defendants contend that plaintiff did not submit his administrative appeal to the Director's Level of Review until February 6, 2008, which was after plaintiff commenced this lawsuit. *Id.* Defendants also note that once the appeal was received, it was screened out as untimely. *Id.*

Defendants submit the declaration of N. Grannis, the Chief of the Inmate Appeals Branch in Sacramento California, which reviews all inmate appeals filed at the Director's Level of Review. Defs.' P. & A., Decl. of N. Grannis ("Grannis Decl.") ¶¶ 1, 6. Grannis indicates that she has searched the records for appeals accepted from plaintiff concerning the allegations raised in the complaint. *Id.* ¶ 9. Her search revealed that plaintiff submitted only one appeal to the Director's Level, on February 6, 2008. *Id.* (referring to Mule Creek State Prison Log Number 06-02682 and Inmate Appeals Branch number 0722313). Grannis states that the appeal was

screened out at the Director's Level as untimely. *Id.*

Plaintiff does not dispute the fact that he submitted his appeal to the third level of review on February 6, 2008, and that it was subsequently screened out as untimely. However, plaintiff argues that any untimeliness should not be attributed to him. *See* Pl.'s Opp'n to Mot. ("Opp'n"). Plaintiff states that he initiated the administrative appeals process in October 2006, while he was housed at Mule Creek State Prison. Opp'n, Pl's Decl. in Supp. Thereof ("Pl.'s Decl.") at 1. In January 2007, however, plaintiff was transferred to Corcoran State Prison, and from then until May 2008, he was repeatedly transferred between Corcoran and Mule Creek. *Id.* at 1-2; Opp'n at 5. Plaintiff submits that he did not receive his appeal back until September 2007, even though it appeared that his appeal had been responded to at the second level of review three months earlier, in June 2007. Pl.'s Decl. at 2, 3. Upon learning that his appeal had been completed at the second level, plaintiff pursued his appeal at the third level of review. *Id.* at 2. On September 17, 2007, the Corcoran appeals coordinator returned the appeal to plaintiff with instructions to "complete Section H" and return the appeal for forwarding to the third level of review. *Id.* On the same day, plaintiff did as instructed and submitted his revised appeal. *Id.* Shortly thereafter, plaintiff was transferred back to Mule Creek. *Id.* Plaintiff's property was not issued to him until February 2008. When looking through his property, plaintiff saw that his September 17, 2007 appeal had been placed with his property. *Id.* At that point, plaintiff re-submitted his appeal to the third level of review. *Id.* at 2-3. On March 28, 2008, plaintiff learned that this appeal was screened out because it was not submitted within 15 working days after receiving a response from the second level of review. *Id.* at 3.

A prisoner's failure to timely exhaust administrative remedies is excused where he took "reasonable and appropriate steps to exhaust," but "was precluded from exhausting," through no fault of his own. *Nunez v. Duncan*, No. 04-36146, 591 F.3d 1217, 2010 U.S. App. LEXIS 517, slip op. at 767 (9th Cir. Jan. 11. 2010). Here, plaintiff argues that he took reasonable and appropriate steps to exhaust his administrative remedies by pursuing his appeal to the next level

9

of review each time his appeal was returned to him. He argues he was precluded from exhausting because he did not receive the second level response in a timely manner, rendering any further appeal by him untimely, and also because the Corcoran appeals coordinator failed to process his September 17, 2007 appeal to the third level of review. *See* Pl.'s Decl. at 3-4; Opp'n at 5. Defendants did not submit a reply brief, and therefore, have not responded to plaintiff's arguments that prison officials prevented him from timely exhausting his administrative remedies. As noted above, defendants have the burden to raise and prove the affirmative defense of failure to exhaust administrative remedies. *See Jones*, 549 U.S. at 216; *Wyatt*, 315 F.3d at 1119. As plaintiff has demonstrated a genuine disputed fact regarding whether he should be excused from the exhaustion requirement, defendants have not met their burden of establishing an absence of disputed fact. Defendants' motion to dismiss should therefore be denied.

**IV.  Conclusion**

Accordingly, it is hereby RECOMMENDED that defendants' August 14, 2009 motion to dismiss be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 25, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE