IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAWN MARSHALL TOMPKINS,

        Plaintiff,                       No. CIV S-07-2346 GEB EFB P

    vs.

STEPHENS, et al.,

        Defendants.         ORDER

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On October 14, 2009, the United States Marshal requested reimbursement in the amount of $98.13 for expenses incurred in personally serving defendant Stephens. Dckt. No. 19. On October 26, 2009, the court found that Stephens had been given the opportunity to waive service pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, but failed to so. Dckt. No. 21. Rule 4(d)(1)-(2) provides in part:

> An individual . . . that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons . . . .
>
> If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant the expenses later incurred in making service . . . .

Fed. R. Civ. P. 4(d)(1)-(2). The court therefore ordered Stephens to pay the United States

1  Marshal the sum of $98.13, unless he filed a written statement showing good cause for failing to
2  waive service.  Dckt. No. 21.  On November 9, 2009, defendant's counsel filed a response to the
3  court's order, claiming that "Stephens was not familiar with the procedure for responding to the
4  mailed service of process" and therefore, "failed to timely respond."  Dckt. No. 25.  The
5  Advisory Committee Notes to Rule 4 state that a showing of good cause for failing to waive
6  service "should be rare" and that sufficient cause would exist if "the defendant did not receive
7  the request or was insufficiently literate in English to understand it."  Fed. R. Civ. P. 4(d),
8  advisory committee's note (1993 Amendments).  While Stephens has claimed ignorance of his
9  duty to avoid the unnecessary expenses of serving summons, he has not shown the requisite good
10 cause.

11         Accordingly, it is ORDERED that:

12         1.  The United States Marshal's requests for reimbursement for costs of personal service
13 upon defendant Stephens, filed on October 14, 2009, is granted.

14         2.  Defendant Stephens shall, with fourteen days of the date of this order, pay to the
15 United States Marshal the sum of $98.13.

16         3.  The Clerk of the Court shall serve a copy of this order on the United States Marshal,
17 Sacramento, California.

18 Dated:  May 3, 2010.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2