IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAWN MARSHAL TOMPKINS,

    Plaintiff,

vs.

STEPHENS, et. al,

    Defendants.

No. CIV S-07-2346 GEB EFB P

<u>ORDER</u>

/

    Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. The action was transferred to this court from the Northern District of California on October 1, 2007. Defendants previously moved to dismiss and that motion was denied on March 26, 2010. Thereafter, on April 7, 2010, defendants filed an answer. The court issued a scheduling order on April 12, 2010, setting the last day to file a motion to amend the complaint as July 9, 2010. On May 7, 2010, plaintiff filed a motion for leave to file an amended complaint and an amended complaint. Defendants have not filed an opposition. For the reasons explained below, the court grants plaintiff's motion.

    Fed. R. Civ. P. 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a

motion under Rule 12(b), (e), or (f), whichever is earlier." Here, plaintiff did not file his motion to amend the complaint within 21 days of defendants' filing of their Rule 12 motion. Accordingly, he is not entitled to amend as a matter of course.

Nonetheless, Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy of freely granting leave to amend should be applied with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.1987). When determining whether to grant leave to amend under Rule 15(a), a court should consider the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). According to the Ninth Circuit, "the crucial factor is the resulting prejudice to the opposing party," and the burden of showing that prejudice is on the party opposing amendment. *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir.1973); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.2003); *DCD Programs*, 833 F.2d at 187. Granting or denying leave to amend rests in the sound discretion of the trial court, and will be reversed only for abuse of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

Here, there is no indication that the motion has been unduly delayed, as it was filed well within the deadline set out in the scheduling order. Neither is there evidence of bad faith or futility of amendment. As defendants have not filed an opposition to the motion, they have not met their burden of showing prejudice should the amendment be granted. Thus, the factors weigh in favor of granting the motion to amend.

Defendants also filed a motion for a second extension of time to file a motion for summary judgment. *See* Dckt. No. 67.[1] Defendants' request is granted and their motion for

---

[1] Defendants filed their motion for summary judgment. *See* Dckt. No. 68.

summary judgment is deemed timely.  In light of the change in pleadings, defendants shall have 20 days from the date of this order to file an amended motion for summary judgment if they so choose.

Accordingly, it hereby is ORDERED that:

1. Plaintiff's May 7, 2010 motion to file an amended complaint is granted;

2. Defendants' November 10, 2010 motion for an extension of time to file a motion for summary judgment is granted, and their November 29, 2010 motion for summary judgment is deemed timely;

3. Defendants have 20 days from the date of this order to file an amended motion for summary judgment if they so choose.  Should defendants require additional time to file their motion for summary judgment because of the granting of plaintiff's motion to amend, they may file another request for an extension of time; and

4. Plaintiff must submit his opposition to defendants' motion for summary judgment within 30 days of the date of this order, or 30 days from the filing of defendants' amended motion for summary judgment if they choose to file one.

Dated: December 8, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE